UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BYRON THOMAS<br>        Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC AND SOLOMON<br>& SOLOMON, P.C.<br>        Defendants. | **COMPLAINT & JURY DEMAND** |

**SUMMARY**

1.   Massachusetts law provides that a wage garnishment cannot be obtained unless it is requested pursuant to a valid Massachusetts judgment. A judgment rendered in a sister state must therefore be "domesticated" into a Massachusetts judgment before a wage garnishment action can be maintained. A judgment will not be domesticated, though, if it is defective.

2.   In this case, LVNV previously obtained a default judgment against Mr. Thomas in the State of Ohio, but it was defective for lack of service of process. Had LVNV sought to properly domesticate its judgment in Massachusetts, its request would have been denied. Instead, LVNV and its counsel skipped the domestication procedure altogether and sued Mr. Thomas and his employer in order to obtain a wage garnishment directly under the Ohio judgment. This action had no basis in law and, as described below, was riddled with errors.

3.   Accordingly, Mr. Thomas now brings suit for violation of the Fair Debt Collection Practices Act (FDCPA) and the Massachusetts Consumer Protection Act.

## FEDERAL JURISDICTION & VENUE

4.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, 15 U.S.C. § 1692k(d) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

## PARTIES

6.   Plaintiff Byron Thomas (Mr. Thomas) is a natural person residing in Worcester, Massachusetts.

7.   Defendant LVNV Funding LLC (LVNV) is a limited liability company organized under the laws of Delaware, with its principal office in Nevada.

8.   Defendant Solomon & Solomon, P.C., (Solomon) is a law firm organized under the laws of New York, with its principal office in New York.

## COMMON FACTS

9.   In approximately 1999, Mr. Thomas opened a credit account with Providian Financial Corporation.

10.  The account was incurred for personal, family, or household purposes.

11.  Mr. Thomas defaulted on the account, and it was subsequently assigned to LVNV.

12. On or about May 16, 2007, LVNV sued Mr. Thomas in order to collect this debt. The lawsuit was filed in the County Court of Montgomery County Municipal Court, Western Division, in the State of Ohio. It was identified as case number 2007 CVF 00611.

13. LVNV purported to serve notice of this lawsuit on Mr. Thomas via certified mail at an address in Dayton, Ohio. However, that certified mail notice went unclaimed by Mr. Thomas, as he was then living in Indiana and never received it.

14. Instead of attempting to locate Mr. Thomas at his correct address, LVNV then purported to serve him at that same Ohio address via first class mail.

15. LVNV ultimately obtained a default judgment against Mr. Thomas based on this purported notice.

16. Judgment in favor of LVNV was entered on November 20, 2007 in the amount of $4,971.51 plus post-judgment interest of 8.00% per annum.

17. Mr. Thomas never received service of process, as he was then living in Bloomington, Indiana.

18. LVNV's Ohio judgment is void for lack of service. *See State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990) (A default judgment rendered by a court without obtaining service over the defendant is void, and the party is entitled to vacation of the judgment.)

19. Mr. Thomas did not learn of this judgment until approximately ten years later, when in December 2016 LVNV filed suit to garnish his wages in Worcester County District Court. The lawsuit was filed through its counsel, Solomon.

20. Pursuant to Massachusetts law, a wage garnishment cannot be issued in this circumstance unless a plaintiff's claim has first been reduced to a judgment. However, a plaintiff cannot directly obtain a wage garnishment based on a judgment issued from a sister state. Instead, that plaintiff must first convert its judgment into a Massachusetts judgment.

21. Pursuant to G.L. c. 235 § 14, a trustee process execution shall not issue for a plaintiff based upon a judgment rendered in a sister state "until the plaintiff files with the court rendering the judgment in the later action a transcript of the record of the judgment in the earlier case under the seal of the court rendering it, attested by the clerk of such court." This is commonly referred to as "domesticating" a judgment.

22. Although the U.S. Constitution requires full faith and credit of judgments rendered in sister states, recognition is not automatic. Instead, enforcement of such judgments will not be allowed if the original judgment is defective for reasons such as lack of subject matter jurisdiction, lack of personal jurisdiction, lack of service of process, or some other due process violation. *See Smith Barney, Harris Upham & Co., Inc. v. Connolly*, 887 F. Supp. 337 (D. Mass. 1994) (A party holding a judgment from another state must first obtain a Massachusetts judgment that recognizes the out-of-state judgment and then request that an execution issue on the Massachusetts judgment); *Courtesy Car Rental and Sales, Inc. v. Lavelle*, 1990 Mass. App. Div. 104 (1990) (denying enforcement of sister state judgment due to defective service of process); *See also Berrios v. Perchik*, 20 Mass. App. Ct. 930, 479 N.E.2d 695 (1985) ("A foreign judgment is always open to collateral attack on the ground that due process notice requirements have not been satisfied.")

23. In this case, LVNV and Solomon improperly filed an action against Mr. Thomas and his employer. They sought to garnish Mr. Thomas' wages, notwithstanding that LVNV's Ohio judgment had not been converted into a Massachusetts judgment.

24. This was not a single mistake. In fact, this lawsuit contained numerous errors:

a.   The trustee process request had no basis in law, as LVNV held only an Ohio judgment, not a Massachusetts judgment;

b.   Although the Complaint correctly calculated the current value of the judgment with post-judgment interest of 8% per year under Ohio law, it wrongfully alleged that LVNV was the holder of a Massachusetts judgment (which would have accrued post-judgment interest of 12% per year).

c.   The Motion for Trustee Process included an affidavit signed by Solomon improperly stating that "[t]his action is a suit on a Judgment remaining unsatisfied" and . . . "Plaintiff has a good cause of action against the Defendant."

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et. seq.**
**(LVNV & Solomon)**

25. The preceding allegations are incorporated by reference.

26. The account at issue was opened primarily for personal or household use, and is therefore a "debt" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(5).

27. LVNV is a "debt collector" as that term is contemplated under the FDCPA. 15 U.S.C. § 1692a(6).

28. Solomon is a "debt collector" as that term is contemplated under the FDCPA. 15 U.S.C. § 1692a(6).

29. Pursuant to 15 U.S.C. § 1692e, LVNV and Solomon were prohibited from making any false, deceptive, or misleading representations.

30. Pursuant to 15 U.S.C. § 1692e(2), LVNV and Solomon were prohibited from falsely representing the character, amount, or legal status of the Debt.

31. Pursuant to 15 U.S.C. § 1692e(4), LVNV and Solomon were prohibited from representing that nonpayment will result in the garnishment of wages, unless such garnishment is lawful.

32. Pursuant to 15 U.S.C. § 1692e(5), LVNV and Solomon were prohibited from taking action that cannot legally be taken. *See Harrington v. CACV of Colorado, LLC*, 508 F. Supp. 2d 128 (D. Mass. 2007) (adopting the majority rule that 15 U.S.C. § 1692e(5) prohibits collectors from both threatening and taking illegal actions.).

33. Pursuant to 15 U.S.C. § 1692e(10), LVNV and Solomon were prohibited from use of any false representation or deceptive means to collect or attempt to collect a debt.

34. LVNV's and Solomon's actions violated 15 U.S.C. §§ 1692e, (2), (4), (5), and (10).

35. Mr. Thomas suffered damages due to LVNV's and Solomon's unlawful actions, including but not limited to economic and emotional damages.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2
### (LVNV & Solomon)

36. The preceding allegations are incorporated by reference.

6

37. LVNV is engaged in trade or commerce in Massachusetts.

38. Solomon is engaged in trade or commerce in Massachusetts

39. Pursuant to G.L. c. 93A, § 2, LVNV and Solomon were prohibited from engaging in unfair or deceptive acts or practices.

40. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

41. In this case, LVNV and Solomon sued Mr. Thomas and his employer in hopes of garnishing Mr. Thomas' wages, notwithstanding that LVNV did not hold a valid Massachusetts judgment against Mr. Thomas and therefore had no basis in law to request a wage garnishment. The pleadings were further riddled with errors that, among other things, misrepresented the amount owed. Finally, the action itself was based on a void default judgment. Had LVNV and Solomon first sought to domesticate the Ohio judgment, as is required under Massachusetts law, it request would have been denied.

42. Accordingly, the actions of LVNV and Solomon were unfair and/or deceptive, in violation of G.L. c. 93A, § 2.

43. The actions of LVNV and Solomon wilfully or knowingly violated G.L. c. 93A, § 2.

44. LVNV does not maintain a place of business within the Commonwealth.

45. LVNV does not keep assets within the Commonwealth.

46. Because LVNV does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Mr. Thomas pursuant to G.L. c. 93A, § 9.

47. Solomon does not maintain a place of business within the Commonwealth.

48. Solomon does not keep assets within the Commonwealth.

49. Because Solomon does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Mr. Thomas pursuant to G.L. c. 93A, § 9.

50. Mr. Thomas is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that he did not send LVNV or Solomon a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

51. Mr. Thomas suffered damages due to LVNV's and Solomon's unlawful actions, including but not limited to economic and emotional damages.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2
### (LVNV & Solomon)

52. The preceding allegations are incorporated by reference.

53. LVNV is a "creditor" as that term is contemplated under 940 Code Mass. Regs. § 7.03.

54. Solomon is a "creditor" as that term is contemplated under 940 Code Mass. Regs. § 7.03.

55. Mr. Thomas' account is a "debt" as that term is contemplated under 940 Code Mass. Regs. § 7.03.

56.   The actions of LVNV and Solomon were also per se violations of G.L. c. 93A, § 2, as they violated regulations issued by the Massachusetts Attorney General, including:

   a.   940 Code Mass. Regs. § 7.07(2), which prohibited them from any knowingly false or misleading representation in any communication as to the character, extent or amount of the debt, or as to its status in any legal proceeding;

   b.   940 Code Mass. Regs. § 7.07(8), which prohibited them from any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain any information concerning a debtor;

   c.   940 Code Mass. Regs. § 7.07(16), which prohibited them from collecting any amount not permitted by law;

57. Pursuant to G.L. c. 93A, § 2(c), any violation of 940 Code Mass. Regs. § 7.07(2), (8), or (16) shall constitute an unfair or deceptive act or practice under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

9

58. The actions of LVNV and Solomon wilfully or knowingly violated G.L. c. 93A, §
2.

59. Mr. Thomas is entitled to make a claim pursuant to G.L. c. 93A, § 9,
notwithstanding that he did not send LVNV or Solomon a pre-suit demand letter. *See Moronta v.
Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

60. Mr. Thomas suffered damages due to LVNV's and Solomon's unlawful actions,
including but not limited to economic and emotional damages.

**COUNT IV**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**G.L. c. 93A, § 2**
**(LVNV)**

61. The preceding allegations are incorporated by reference.

62. LVNV is a "debt collector" as that term is contemplated under 209 Code Mass.
Regs. § 18.02.

63. Mr. Thomas' account is a "debt" as that term is contemplated under 209 Code
Mass. Regs. § 18.02.

64. The actions of LVNV were also per se violations of G.L. c. 93A, § 2, as they
violated regulations issued by the Massachusetts Division of Banks, including:

   a. 209 Code Mass. Regs. § 18.16, which prohibited it from making any false,
      deceptive, or misleading representations;

   b. 209 Code Mass. Regs. § 18.16(2), which prohibited it from falsely representing the
      character, amount, or legal status of any debt;

    c.   209 Code Mass. Regs. § 18.16(4), which prohibited it from falsely representing the character, amount, or legal status of any debt;

    d.   209 Code Mass. Regs. § 18.16(5), which prohibited it from representing that nonpayment will result in the garnishment of wages, unless such garnishment is lawful.

    e.   209 Code Mass. Regs. § 18.16(10), which prohibited it from using any false representation or deceptive means to collect or attempt to collect a debt.

    f.   209 Code Mass. Regs. § 18.17(1), which prohibited it from collecting any amount not permitted by law.

65.   Pursuant to G.L. c. 93, § 28, any violation of 209 Code Mass. Regs. §§ 18.16, (2), (4). (5), or (10) "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

66.   The actions of LVNV wilfully or knowingly violated G.L. c. 93A, § 2.

67.   Mr. Thomas is entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that he did not send LVNV a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

68.   Mr. Thomas suffered damages due to LVNV's unlawful actions, including but not limited to economic and emotional damages.

**REQUEST FOR RELIEF**

WHEREFORE, Thomas requests that the Court issue judgment in his favor and against LVNV and Solomon, as well as the following relief:

A.   Judgment that LVNV violated the Fair Debt Collection Practices Act;

B.   Judgment that Solomon violated the Fair Debt Collection Practices Act

C.   Judgment that LVNV violated the Massachusetts Consumer Protection Act;

D.   Judgment that Solomon violated the Massachusetts Consumer Protection Act;

E.   Actual damages;

F.   Double or triple actual damages;

G.   Statutory damages;

H.   Costs, interest, and attorney's fees; and

I.   All other relief to which he is entitled at law or equity.


**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Byron Thomas,
By counsel,


*/s/ Christopher M. Brine*
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 210
Worcester, MA 01605
P - 508.556.1899
F - 508.556.9951
cmb@brineconsumerlaw.com

June 5, 2017